CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
01/24/2018
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

REDMOND J. HOWARD,

                *Plaintiff,*

v.

OLD MILL TOWNHOMES,

                *Defendant.*

CASE NO. 6:18-cv-00010

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

This matter is before the Court on Plaintiff Redmond Howard's ("Plaintiff") *pro se* Complaint seeking an injunction and Motion for Leave to Proceed *In Forma Paupris*. (Dkt. 1, 2). In his complaint, Plaintiff appears to seek equitable relief against his apartment complex, Defendant Old Mill Townhomes, for an alleged breach of contract and a breach of the implied warranty of habitability. For the reasons stated herein, I will grant Plaintiff's motion to proceed *in forma paupris* but dismiss the Complaint because the Court lacks subject matter jurisdiction over the Plaintiff's claims.

### I. LEGAL STANDARD

Under 28 U.S.C. § 1915, district courts must screen initial filings and dismiss a complaint filed *in forma pauperis* "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (noting that § 1915 permits "district courts to independently assess the merits of *in forma pauperis* complaints, and 'to exclude suits that have no arguable basis in law or fact.' ") (quoting *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995)). Further,

under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See also Walker v. Laundry*, 697 F. App'x 179, 180 (4th Cir. 2017) (noting that plaintiff's § 1983 claim under 28 U.S.C. § 1915 should have been dismissed for lack of subject matter jurisdiction).

## II. DISCUSSION

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Martin v. Lagualt*, 315 F. Supp. 2d 811 (E.D. Va. 2004) (applying the well-pleaded complaint rule in the context of a *pro se* complaint). Plaintiff contends that the Court possesses federal question jurisdiction over his claims. (Dkt. 2 at ECF 3). It does not.

Plaintiff alleges in his Complaint that he is seeking an injunction against Defendant Old Mill Townhomes regarding "rejections of rental payments, disputes between plaintiff and the defendant's agents and third parties, and dissatisfaction of the unit and its fellow occupants." (Dkt. 2 at ECF 5). The allegedly rejected rental payment totaled $229.42. *Id.*

Plaintiff does not cite or even allude to any federal law conferring on him a right to bring the instant suit. Additionally, while Plaintiff makes a passing reference to his ethnicity, he does not assert that his civil rights have been violated in any way, nor any federal law that would support a cause of action.

Rather, Plaintiff seeks equitable relief to redress state law claims (*e.g.* breach of contract, breach of the implied warranty of habitability, etc.). In essence, Plaintiff seeks to adjudicate a

minor dispute over a rent payment as a federal question.[1] While it is somewhat unclear whether Plaintiff's claims are frivolous (*i.e.* without a basis in law or fact)—it is clear that the Court is without jurisdiction to adjudicate them.

### III. CONCLUSION

For these reasons, the motion to proceed *in forma pauperis* will be granted, and the Clerk of the Court will be directed to file Plaintiff's complaint, which will be dismissed without prejudice. An appropriate order will follow

Entered this 24th day of January, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Even if Plaintiff brought his claims under diversity of citizenship jurisdiction, it is clear that the Court would still lack jurisdiction. *See* 28 U.S.C. § 1332. While there is a question about Plaintiff's domicile (he listed New Jersey as his address, but the instant dispute is about his apartment in Virginia), it is clear that Plaintiff's dispute regarding a little over $200 fails to exceed the $75,000 threshold for diversity, even factoring in the potential value of equitable relief. *See* 28 U.S.C. § 1332(a).